Mr. Justice Gantt
delivered the opinion of the court.
I will not, upon the question submitted for my consideration, undertake to decide, whether the plaintiff by his neglect to enter up judgment at an early period, and when it was competent tor'him to have done so, has debarred himself from all right of interest on this debt subsequently to the verdict, but I am clearly of opinion, that howe*. ver that question may eventually be decided, he cannot under the present execution, legally claim more than the g>l640, (the amount recovered,) with interest from the 1st of January, 1808, and to the term when the verdict was obtained. To that extent and no further, can the judge’s order allowing leave to enter up judgment, be carried. The order is referential; having relation to the facts as they existed when the act ought to have been done, and is to be considered as the judgment of the court before whom the case was tried. It was then the plaintiff had a right to enter up judgment, and the judge’s order subsequently obtained for that purpose, is no more than a recognition of the same, with permission to supply the omission. Had the judgment been rendered of the term the verdict was obtained, the plaintiff could not, ten years afterwards, have taken out an execution for the 'interest money subsequently accruing; but to entitle himself thereto, would have been driven to his action of debt on the judgment. Nor can I readily conceive how the neglect on the part of the plaintiff to enter up his judgment regularly, can place him in a better situation than if he had. I do not consider the present judgment as embraced lyy the act of assembly, of 1815, allowing interest on judgments. True it wgs actually entered up after the passing of that act, and would seem by the words of the act, to be entitled to interest from that time ; hut having relation tó a period of time long before its enactment, cannot by any fair construction be considered as falling within the scope of its provi *591 sions. I think the plaintiff ought not to be delayed from enforcing his execution to the extent which he may lawfully claim, and that is for the amount recovered, say sixteen hundred and forty dollars, with interest thereon from the 1st. January, 1808, to-February, 1810, (the term when the verdict was found,! and costs. All beyond, claimed by way of interest on this execution, is considered as being at least irregularly demanded, and for all such monies, the execution is hereby ordered to be staid indefinitely.
De Saussure, for the motion.
Gregg, contra.
Justices Colcock, Richardson and Huger, concurred.